IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GARY J. GIANDUSO, :
    Plaintiff :
    vs. : CIVIL NO. 3:CV-09-1971
:
U. S. BANK NATIONAL ASSOCIATION,
Trustee, et al. :
    Defendants

*M E M O R A N D U M*

I.    *Introduction*

    Plaintiffs, Gary and Najwa Gianduso, refinanced the mortgage on their home by obtaining a loan from First Franklin Financial Corporation. The defendants are U.S. Bank National Association Trustee for First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2005-FF10 (U.S. Bank) and First Franklin. First Franklin assigned the loan and mortgage to U.S. Bank. Plaintiffs allege that First Franklin violated the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq., in making the loan. They seek statutory damages for the violations as well as rescission of the loan and cancellation of the security interest represented by the mortgage. Plaintiffs filed the action in state court, and Defendants removed it here on the basis of our federal-question jurisdiction.

    We are considering Defendants' motion for summary judgment. Defendants argue that Plaintiffs are not entitled to rescission when they admit they cannot tender to U.S. Bank the amount of the loan. Defendants also argue that the damage claims are barred by the one-year statute of limitations for bringing TILA claims.

We will evaluate the motion under the well established standard. *See Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d Cir. 2008). In doing so, we agree with Defendants and will grant their motion.

II.     *Background*

The background is essentially undisputed. We take it for the most part from Defendants' statement of material facts (doc. 25-4). Plaintiffs had a mortgage of about $189,000 on their Drums, Pennsylvania, residence from a company called Waterfield. In the spring or summer of 2005, they were looking to refinance that mortgage. They did so by securing a loan from First Franklin in the amount of $224,200. The other mortgage was paid off, leaving Plaintiffs with about $21,403.

The First Franklin closing documents were not all signed on the same date. Some were signed on or about July 23, 2005, and others up to August 5 or 8, 2005. This is the basis of Plaintiffs' TILA claim for damages, that certain disclosures required under the act were not made at the time the loan transaction was accomplished. Plaintiffs also invoked their right to rescind in a letter to U.S. Bank, dated July 18, 2006, asserting as a basis the failure to make the timely and accurate disclosures TILA required.

After the loan closed, Plaintiffs made their mortgage payments until February 2007, when they stopped because they no longer had the ability to do so. Plaintiffs have not escrowed any mortgage payments nor have they paid any real estate taxes on the property since 2007. They both say they cannot repay the $224,200 principal amount on the loan.

On July 20, 2007, U.S. Bank started a foreclosure action against Plaintiffs in state court. On September 6, 2007, the Giandusos filed an answer with new matter. In part, the new matter asserted as a defense that First Franklin had violated TILA by failing to make correct and timely disclosures, thereby entitling the Giandusos to damages

under TILA that offset any claims by U.S. Bank and to rescission of the loan agreement. (Doc. 25-3, CM/ECF p. 30).[1] Plaintiffs also started this action in state court by filing a writ of summons on or about July 16, 2009, and then their complaint on September 4, 2009.

III.     *Discussion*

     A.     *Plaintiffs Are Not Entitled to Rescission on the Loan Because They Cannot Return the Loan Proceeds as Their Part of Any Rescission Of the Loan Agreement*

For a financial transaction covered by TILA, the "obligor" (the borrower) has the right of rescission. The borrower may rescind for three days after the transaction is executed or after proper disclosure documents have been sent to the borrower, whichever is later. 15 U.S.C. § 1635(a). The borrower may also rescind for up to three years if the required notice or material disclosures were not been delivered. 12 C.F.R. § 226.23(a)(3).

Section 1635(b) sets forth the procedures to be followed when the obligor exercises the right of rescission. In pertinent part, after rescission, the lender has twenty days "to return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." *Id.* After the lender has fulfilled these obligations, "the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value." These procedures "apply except when otherwise ordered by a court." *Id. See also* 12 C.F.R. § 226.23(d)(4).

---

[1] Plaintiffs assert that after the July 2005 closing, they were sent the following required disclosures: (1) the Uniform Residential Loan Application; (2) the Good Faith Estimate of Settlement Charges; and (3) thee Truth in Lending Disclosure Statement. They also assert they never received the document entitled "Consumer Handbook on Adjustable Rate Mortgages" or a document containing the same information.

Even though the statute and implementing regulation require the obligor to tender only after the lender has fulfilled its obligations on rescission, Defendants assert that rescission is not appropriate when Plaintiffs admit they cannot tender the loan proceeds. Defendants rely on the authority a court has to alter the procedures for rescission and cite, among other cases, *Jobe v. Argent Mortg. Co.*, No. 06-697, 2009 WL 2461168 (M.D. Pa. Aug. 11, 2009). In *Jobe*, the court held that the debtor plaintiffs were not entitled to rescission because they could not repay the loan, had failed to make any payments on the loan for four years, and had not paid real estate taxes or property insurance. *Id.* at *7.

We agree with Defendants and will enter judgment in their favor on Plaintiffs' rescission claim. As the Third Circuit stated in *Jobe v. Argent Mortg. Co.*, 373 F. App'x 260 (3d Cir. 2010)(per curiam)(nonprecedential), in affirming the lower court decision:

> Pursuant to 15 U.S.C. § 1635(b), courts have the "discretion to condition rescission on tender by the borrower of the property he has received from the lender." *Ljepava v. M.L.S.C. Props., Inc.,* 511 F.2d 935, 944 (9th Cir. 1975). Other courts have denied rescission where the borrowers were unable to tender payment of the loan amount. *See American Mortgage Network, Inc. v. Shelton,* 486 F.3d 815, 819 (4th Cir. 2007); *Yamamoto v. Bank of New York,* 329 F.3d 1167, 1173 (9th Cir. 2003); *Williams v. Homestake Mortgage Co.,* 968 F.2d 1137, 1140 (11th Cir. 1992).
>   Here, plaintiffs testified that they are unable to repay the loan advanced to them, and they have not made any payments for more than four years. Accordingly, the District Court properly found that, even assuming plaintiffs' testimony regarding the Notice was credible, they would not be able to rescind the mortgage obligation because they are unable to return the money defendant advanced to them in reliance on their performance under the contract.

*Id.* at 262.

Plaintiffs maintain that we should allow rescission despite their current inability to tender repayment of the loan. They make two arguments. First, requiring them to show they can repay the loan improperly reorders the sequence of events set by

4

the statute, implementing regulations (also know as Regulation Z), and the Official Staff Commentary on Regulation Z. We disagree. All of these authorities recognize that the court may modify the rescission procedure. Second, Plaintiffs argue that, at a practical level, they cannot obtain the funds from another lender to repay U.S. Bank because of Defendant's security interest. Hence, Defendant's "security interest must first be terminated, or, at the very least, conditionally terminated upon the Plaintiffs' obtaining substitute refinancing of the appropriate tender amount." (Doc. 27, Br. in Opp'n at p. 7). We reject this argument. *See Am. Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 820-21 (4th Cir. 2007)("Clearly it was not the intent of Congress to reduce the mortgage company to an unsecured creditor or to simply permit the debtor to indefinitely extend the loan without interest.").

      B.    *The TILA Claims Are Either Time-Barred or Lack Merit*

A borrower can seek money damages for a violation of TILA. *See* 15 U.S.C. § 1640(a). The action must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The limitations period begins "when the transaction is consummated" and the borrower "becomes contractually obligated." *Kamara v. Columbia Home Loans, LLC*, 654 F. Supp. 2d 259, 263-64 (E.D. Pa. 2009)(quoted regulation and internal quotation marks omitted). The limitations period does not apply to using the violation "as a matter of defense by recoupment or setoff" in an action brought by the lender to collect the debt. 15 U.S.C. § 1640(e).

Defendants argue that the TILA damages claims are time-barred. They reason that the latest Plaintiffs would have become obligated on the loan would be August 8, 2005, the date on which the last of the transaction documents would have been signed. Plaintiffs did not start this lawsuit to recover on the TILA violations until on or

about July 16, 2009, with their complaint being filed on September 4, 2009, either date being well beyond the expiration of the limitations period.

In opposition, Plaintiffs first argue that their TILA claims are timely because they raised them as new matter in their answer to U.S. Bank's state-court foreclosure action, and the statute of limitations does not apply in those circumstances. This is true, but Plaintiffs' affirmative claims for relief are still subject to the time bar. *See Rocco v. J.P. Morgan Chase Bank*, 255 F. App'x 638, 642 (3d Cir. 2007)(nonprecedential)(TILA claim not brought within one year may only be asserted "as a defense to an action to collect the debt"); *Kamara*, *supra*, 654 F. Supp. 2d at 264 (recoupment based on a TILA claim does not permit the bringing of an otherwise time-barred affirmative claim for relief).

Plaintiffs next argue that certain TILA claims should not be barred. First, they assert their claim for attorney's fees is not governed by the statute of limitations. As Defendants point out, however, attorney's fees are recoverable only for a successful TILA claim. *See* 15 U.S.C. § 1640(a)(3). Hence Plaintiffs' claim for attorney's fees does not survive.

Plaintiffs next argue that one of their TILA claims is timely, the claim that U.S. Bank failed to properly respond to their letter dated July 18, 2006, invoking their right to rescind. As the argument goes, that claim accrued on August 7, 2008, the expiration of the twenty-day deadline for Defendant's response. Since this action was initiated on July 16, 2009, less than a year later, the claim is timely. Additionally, Plaintiffs' claims for rescission of the loan transaction, (doc. 1-3, Compl. ¶ 25(a)), cancellation of the mortgage, (*id.* ¶ 25(b)), return of any money or property given by Plaintiff in connection with the transaction, (*id.* ¶ 25(c)), and forfeiture of return of the loan proceeds, (*id.* ¶ 25(f)), all stem from Defendant's failure to respond to the rescission letter properly, so these claims are timely as well.

We reject this argument. The claims may be timely, but as Defendants point out, they lack merit. Failure to properly respond to a rescission letter may be an independent TILA claim, *see Belini v. Washington Mut. Bank*, 412 F.3d 17, 25 (1st Cir. 2005), but we have already decided that Plaintiffs are not entitled to rescission. Hence, U.S. Bank could not have improperly responded to the letter in the sense that Plaintiffs mean, by failing to fulfill its obligations under 15 U.S.C. § 1635(b). It follows that Plaintiffs are not entitled to the relief sought in ¶ 25(a), (b), and (c) of their complaint, which essentially request the section 1635(b) rescission remedy. Moreover, if Plaintiffs are not entitled to rescission, they are certainly not entitled to keep the loan proceeds.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 2, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GARY J. GIANDUSO, :
    Plaintiff :
    vs. : CIVIL NO. 3:CV-09-1971
     :
U. S. BANK NATIONAL ASSOCIATION,
Trustee, et al. :
    Defendants

*O R D E R*

AND NOW, this 2nd day of November, 2010, it is ordered that:

   1. Defendants' motion (doc. 25) for summary judgment is granted.

   2. The Clerk of Court shall enter judgment in favor of Defendants and against Plaintiffs and close this file.

                          /s/William W. Caldwell
                          William W. Caldwell
                          United States District Judge